JAN  DRELICH,  ADMINISTRATOR,  &c.,  OF  LUDWIG DRELICH, DECEASED, APPELLANT, v. ERIE RAILROAD COMPANY, RESPONDENT.

Submitted December 10, 1917—Decided March 4, 1918.

Evidence in this case held to present a question for the jury of the existence of a public way by prescription over the tracks of a railroad giving a legal status to one who otherwise would have been a trespasser.

On appeal from the Supreme Court.

For the appellant, *John Winans.*

For the respondent, *George S. Hobart.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff's intestate, a little child of two years of age, was fatally injured by a railroad car on a freight track of defendant in the city of Passaic.   In this suit to recover damages on account of his death, the defendant company claimed that he was a trespasser on its tracks and within section 55 of the Railroad act of 1903 (*Pamph. L., p.* 673; *Comp. Stat., p.* 4245), which bars recovery for any ' injury sustained under such circumstances.   It is claimed for the plaintiff that this statute does not apply to cases where the injury has resulted in death and the suit is by a personal

representative. We incline to the contrary view, but it is unnecessary to deal directly with the point, as the case turns on other grounds; and, irrespective of the statute, the rule is settled that to a trespasser no duty of care was owing, but simply the duty to abstain from willful injury, and there is no pretence that this rule was violated. The fundamental question, therefore, is whether the child was on or near the track at a place and under circumstances which raised a duty of care on the part of the defendant's employes. If he was, there was evidence to go to the jury to support a finding that due care was not exercised. There was no motion to nonsuit, but the trial judge directed a verdict for the defendant, on the theory that there was no evidence to support plaintiff's claim that the child was on a crossing which the public had the right to use.

The city block bounded northeasterly by Seventh street, southwesterly by Sixth street, northwesterly by Passaic street, and southeasterly by South street, is owned by the defendant or for its benefit. Diagonally through this block from the south to the north corner, runs the track of the Dundee spur. The injury occurred about ninety feet south of Passaic street and very close to Seventh street, where the street line is not marked on the ground. The block is vacant, barren land except for the spur in question and another spur more recently built from the same southerly corner of the block, which develops into three freight tracks with platform and freight house on the Sixth street side.

Before the railroad came, the block was open land and the public, according to all the evidence, wandered across it at will, but particularly on one or more fairly well-defined paths used as convenient short cuts and running roughly east and west. The occupation by the railroad did not stop this promiscuous use, according to the testimony; but, so far as this was concerned, it showed no more than the always habitual trespassing of individuals on any vacant land lying open in a similar manner. There was, however, the testimony of one witness named Kaplan, which tended to show a

public way by prescription, somewhat undefined, no doubt, as to width, but definitely located, and substantially coincident with the place of the accident. Kaplan was proprietor of a coal yard on the opposite or northeasterly side of Seventh street, and upon the .map marked in evidence he indicated a line running westerly through the block from his coal yard toward the easterly corner of Passaic and Sixth streets, as that of a path continuously used by the public for as far back as he could remember; at least twenty years; that people used it to get to.a ball field and were stopped by the coal yard later, but continued to use the part between Sixth and Seventh streets down to the present time; that no barriers .or signs had been erected, nor had people been prevented from using this path at any time.

The case does not turn on the.theory of invitation, as in *Black* v. *Central Railroad Co.*, 85 *N. J. L.* 197. If that were the criterion, there is nothing in the mere user without objection to constitute an invitation. *Dieckman* v. *Delaware, Lackawanna and Western Railroad Co.*, 81 *Id.* 460; *Corson* v. *Atlantic City Railroad Co.*, 83 *Id.* 517. But a railroad company may lawfully dedicate a right of way across its tracks; either by deed, as in *Central Railroad Co.* v. *Bayonne*, 52 *Id.* 503, or by constructing a crossing evidently or apparently intended for public use, as in *New York and Long Branch Railroad Co.* v. *Drummond*, 46 *Id.* 644; or by public user for such a period as will ripen it into a prescriptive right from which original dedication is presumed, as in *Tarlucki* v. *West Jersey and Seashore Railroad Co.*, 82 *Id.* 138, a Supreme Court case. Other instances of dedication arising out of public use of railroad property not used for tracks are *Riverside* v. *Pennsylvania Railroad Co.*, 74 *Id.* 476, and *Dickinson* v. *Delaware, Lackawanna and Western Railroad Co.*, 87 *Id.* 264.

The evidence was meagre and not very satisfactory; but there was enough to require the submission to the jury of the question whether there was at the place of the accident a path open to and adversely used by the public for such pre-

ceding period of time, not less than twenty years, as would vest in members of the public the right to use it as a public way by prescription. If so, and the child was upon that pathway, he was lawfully there and the defendant owed him some duty of care; no doubt that of giving the signal required by the statute in the case of highways generally. There was evidence that no such signal was given; and whatever may be said of its value or otherwise to a child of two years of age, it is the test of care laid down by the statute with respect to persons of all ages on the highway, and young children who are barred of recovery for injury sustained when trespassing on a railroad are, on the other hand, within the purview of the protection by signal required at highway crossings. In fact, there was a group of children at the spot, and it may well be that a signal if given would have resulted in the removal of the child out of danger. That such a young child was suffered to be in such a place unattended, does not absolve the defendant. *Bergen County Traction Co.* v. *Heitman, Administrator,* 61 *N. J. L.* 682; *Newman* v. *Phillipsburgh, &c., Co.,* 52 *Id.* 446.

We conclude that on this phase of the case there was error requiring a *venire de novo,* and to that end the judgment is reversed.

*For affirmance*—BLACK, WILLIAMS, GARDNER, JJ. 3.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, TAYLOR, JJ. 10.